NUMBER 10-625

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

STATE OF LOUISIANA

VERSUS

ARTHUR J. HANDY

AMY, J., concurs in the result and assigns separate reasons.

I agree with the majority's determination that the trial court abused its discretion in its ultimate denial of the motion to suppress. However, I find that the record supports the trial court determination that the totality of the circumstances in this case justified an initial stop pursuant to *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868 (1968) and La.Code Crim.P. art. 215.1. In short, the officers were located in an area known for criminal activity, they detected the smell of marijuana, another person at the house discarded a bag and jumped the fence in order to flee, and one of the officers saw the defendant place something into his pants.

However, I find that these facts only support the initial, investigatory detention and pat down search. I find no indication in the record that this officer had reasonable suspicion that the defendant possessed a dangerous weapon to justify this type of further, intrusive search of his person, i.e., the use of a flashlight to peer inside the defendant's clothing in the area of his buttocks. *See* La.Code Crim.P. art. 215.1(B). Accordingly, I find that the ultimate retrieval of the evidence exceeded permissible bounds and required a granting of the motion to suppress.

For these reasons, I concur in the result.

NUMBER 10-625

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

STATE OF LOUISIANA

VERSUS

ARTHUR J. HANDY

AMY, J., concurs in the result and assigns separate reasons.

I agree with the majority's determination that the trial court abused its discretion in its ultimate denial of the motion to suppress. However, I find that the record supports the trial court determination that the totality of the circumstances in this case justified an initial stop pursuant to *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868 (1968) and La.Code Crim.P. art. 215.1. In short, the officers were located in an area known for criminal activity, they detected the smell of marijuana, another person at the house discarded a bag and jumped the fence in order to flee, and one of the officers saw the defendant place something into his pants.

However, I find that these facts only support the initial, investigatory detention and pat down search. I find no indication in the record that this officer had reasonable suspicion that the defendant possessed a dangerous weapon to justify this type of further, intrusive search of his person, i.e., the use of a flashlight to peer inside the defendant's clothing in the area of his buttocks. *See* La.Code Crim.P. art. 215.1(B). Accordingly, I find that the ultimate retrieval of the evidence exceeded permissible bounds and required a granting of the motion to suppress.

For these reasons, I concur in the result.